# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LISA SUMMERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-00605-CV-RK |
| SUZANNE HENDRICKSON, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Lisa Summers's Motion to Remand ("the Motion"). (Doc. 8.) The Motion is fully briefed. (Docs. 9, 10, 14.) After careful consideration and for the reasons below, the motion is **GRANTED**.

## Background

Plaintiff initially filed suit in the 17th Judicial Circuit of Cass County, Missouri. Plaintiff's Petition alleges Defendant Hendrickson negligently operated her vehicle by failing to stop at a red light and colliding with Plaintiff's vehicle. (Doc. 1-3 at ¶ 7.) Plaintiff alleges Defendant's negligence caused damages, including, but not limited to, property damage to Plaintiff's motor vehicle, physical injuries to Plaintiff's left arm, medical and surgical expenses, pain, suffering, temporary and permanent disability, mental anguish, annoyance and inconvenience, loss of enjoyment of life, and loss of income. (Id. at ¶ 11.) Plaintiff seeks to recover based on Defendant's alleged violation of sections 304.271, 304.281, and 304.017, RSMo., and violation of Belton Municipal Ordinances 13-150, 13-151, and 13-235. (Id. at ¶¶ 8, 9.)

Defendant filed a notice of removal on August 20, 2021. (Doc. 1.) In her notice, Defendant argues the action should be removed to this Court on the basis of original jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. (Id.) Defendant further asserts removal is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Id. at ¶¶ 6, 15.)

Plaintiff filed a motion to remand the case. (Doc. 8.) While Plaintiff does not dispute the existence of complete diversity of citizenship, Plaintiff alleges Defendant has failed to show by a preponderance of the evidence that Plaintiff's damages exceed $75,000. (Id.) To support her

argument, Plaintiff notes Defendant failed to offer any evidence that the potential damages exceed the jurisdictional minimum. (Id.)

Defendant argues in response that she has established the jurisdictional amount by a preponderance of the evidence. (Doc. 10.) In particular, Defendant asserts the amount in controversy requirement has been satisfied, based on (1) Plaintiff's alleged damages, (2) Plaintiff's intent to seek a verdict that is "far more" than the jurisdictional requirement, and (3) Plaintiff's refusal to sign a binding stipulation which would prevent her from recovering damages in excess of $75,000. Additionally, Defendant points to a settlement demand dated December 15, 2020, where Plaintiff's counsel offered to settle Plaintiff's claim for a payment of $50,000 and noted that if the settlement demand was not met, Plaintiff's counsel "intend[s] to ask for far more than your insured's policy limits [$50,000] at trial."

In response, Plaintiff contends the amount in controversy does not exceed $75,000, because she was billed a total of $20,573 for her medical bills, she has made a demand to Defendant for the sum of $50,000, and she remains willing to settle for that amount. Plaintiff notes she has not received medical treatment related to her alleged injuries for more than three and a half years and "while there is no way to know what the future holds," has no reason to believe she will require future medical treatment. (Doc. 8.)

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 51 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "[T]he amount in controversy is measured by the value of the right that [plaintiff] seeks to protect or the value of the object that is the subject matter of the suit." *Churchill in Crestwood, LLC v. Schwartz*, No. 09-0100-CV-W-SOW, 2011 WL 7109212, at *4 (W.D. Mo. Jan. 27, 2011) (citing *Neely v. Consol, Inc.*, 25 F. App'x 394, 400 (6th Cir. 2002) (stating that where a plaintiff seeks to rescind a contract, the contract's entire value is the amount in controversy)). In determining whether a case meets the jurisdictional minimum for diversity jurisdiction, the court must look to the amount in controversy at the time of removal. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). If the case does not fall within the district court's original jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Removal statutes are construed

against removal and in favor of remand. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).

A party seeking removal and opposing remand carries the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The preponderance standard requires the removing party to present some specific facts or evidence demonstrating that the jurisdictional amount has been met such as responses to discovery requests or damage recoveries in similar cases." *Claxton v. Kum & Go, L.C.*, No. 6:14-CV-03385-MDH, 2014 WL 6685816, at *2 (W.D. Mo. Nov. 26, 2014) (internal quotation omitted). "In computing the amount in controversy, a removing party may include punitive damages and statutory attorney fees." *Id.* "Once the removing party has established by a preponderance of the evidence that the jurisdictional amount is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at *3. A plaintiff cannot meet the legal certainty standard if there is a possibility that the jurisdictional amount will be satisfied. *Id.*

## Discussion

The Court finds that Defendant has failed to meet her burden as the removing party to establish by a preponderance of the evidence that the amount in controversy as to Plaintiff's claim met the jurisdictional amount as of the time of removal.

While Defendant alleges that a jury could award more than $75,000 in damages based on the categories of damages listed in the Petition, Defendant has not provided any specific facts or evidence, such as damage recoveries in similar cases, to support that assertion. Defendant must offer evidence beyond citing Plaintiff's claims that the potential damages exceed the jurisdictional minimum in order to meet his or her burden of proof. *Dixon v. Time Warner, Inc.*, No: 09-CV-00376-W-HFS, 2009 WL 10671678, at *2 (W.D. Mo. Jul. 2, 2009) ("Here, other than citing plaintiffs' claims, defendant has failed to offer any evidence that the potential damages exceed the jurisdictional minimum. This results in mere speculation which is insufficient to meet defendant's burden of proof under . . . the preponderance of evidence standard.") (internal quotation and citation omitted). While Plaintiff's petition contained standard language listing a litany of injuries, the evidence of record shows that Plaintiff has incurred medical bills of $20,573 and has incurred lost wages of $3,446.50. Here, having failed to present specific facts and evidence showing

3

damage recoveries in similar cases, Defendant has not shown by a preponderance of the evidence that the jurisdictional amount has been met based on the damages alleged in the suit. *Id.*

Defendant notes that in Plaintiff's settlement demand, Plaintiff expressed intention to ask for "far more" than $50,000 at trial if the settlement was denied and included a Greater Kansas City Jury Verdict page containing a case tried to verdict by Plaintiff's counsel in which the plaintiff's damages were valued at $450,000. However, this is not providing specific facts or evidence, other than again citing Plaintiff's claims, that indicate Plaintiff will receive more than $50,000, much less $75,000. Indeed, a settlement demand may be relevant to the court in determining the amount in controversy where it seeks an amount less than the jurisdictional amount. *Gramc v. Millar Elevator Co./Schindler Enters.*, 3 F. Supp. 2d 1082, 1085 (E.D. Mo. 1998). Here, Plaintiff's settlement demand of $50,000 (less than the jurisdictional amount) without additional specific facts or evidence, is not sufficient to satisfy Defendant's burden to prove by a preponderance of the evidence that the jurisdictional amount is satisfied here.

Defendant also argues because Plaintiff has refused to sign a binding agreement legally precluding her from asking for more than $75,000 at trial, there is sufficient evidence that the amount in controversy is met. However, "[a] plaintiff's failure to admit that damages sought will not exceed $75,000 does not amount to an admission that such damages will be sought." *Hoffman v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00201-NKL, 2010 WL 2216631, at *1 (W.D. Mo. May 28, 2010). "Moreover, to require a stipulation limiting damages from a plaintiff who originally filed in state court would improperly shift the removing defendant's burden of proof to the plaintiff." *Id.* at *2 (quoting *Logan v. Value City Dep't Stores*, No. 4:08–CV–19 CAS, 2008 WL 1914168, at *4 (E.D. Mo. April 28, 2008)). The Court thus finds Defendant's argument as to Plaintiff's refusal to be legally precluded from requesting more than the jurisdictional threshold during trial unavailing.

## Conclusion

Accordingly, after careful consideration and for the reasons above, Plaintiff's motion (Doc. 8) is **GRANTED**. This case is **REMANDED** to the 17th Judicial Circuit Court of Cass County, Missouri.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 2, 2021